UNITED STATES v. AMERICAN EXPRESS CO.

(Circuit Court, S. D. New York. May 24, 1907.)

No. 4,888.

1. CUSTOMS DUTIES — PACKED PACKAGES — INCOMPLETE ENTRY — STORAGE CHARGES.

Act May 1, 1876, c. 89, 19 Stat. 49 [U. S. Comp. St. 1901, p. 1868], permitting the entry of packed packages without the production of an invoice, modified section 2926, Rev. St. [U. S. Comp. St. 1901, p. 1929], prescribing that merchandise may be stored at the expense of the owner, when an "incomplete entry has been made, or an entry without the specification of particulars, either for want of the original invoice or for any other cause"; and the latter provision does not apply to such packages.

2. SAME—FEES ON PACKED PACKAGES.

A fee charged by a collector of customs on packed packages to defray expense incurred in administering the law relative to such packages is not such as is authorized by section 2926, Rev. St. [U. S. Comp. St. 1901, p. 1929], prescribing that merchandise of which incomplete entry has been made shall be conveyed to and stored in a warehouse "at the expense and risk of the owner."

3. SAME.

Under Customs Administrative Act June 10, 1890, c. 407, § 22, 26 Stat. 140 [U. S. Comp. St. 1901, p. 1895], abolishing "all fees exacted * * * upon the entry of imported goods and the passing thereof through the customs," it is not legal to require the payment of a fee on packed packages to defray the expense of administering the law relative to such packages.

4. SAME—JURISDICTION OF GENERAL APPRAISERS—FEES.

Under Customs Administrative Act June 10, 1890, c. 407, § 14, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933], giving the Board of General Appraisers authority to decide protests against "all fees and exactions of whatever character," the board has jurisdiction over cases relating to the exaction of fees on packed packages, though no entry of such packages may ever have been made at the custom house.

On Application for Review of a Decision of the Board of United States General Appraisers.

For decision below, see G. A. 6,552 (T. D. 27,962), sustaining the importers' protests against the imposition of a fee or charge by the collector of customs at the port of New York.

The following is the opinion of the board sustaining said protests:

HAY, General Appraiser. By these protests the right of the collector to exact the sum of 20 cents on each package in connection with the entry of what are known to the law as "packed packages" is called in question. The importer contends that there is no authority of law for this exaction and that all fees were abolished by Customs Administrative Act June 10, 1890, c. 407, § 22, 26 Stat. 140 [U. S. Comp. St. 1901, p. 1895]. The contention of the collector is that the charge is for storage and is authorized by section 2926 of the Revised Statutes [U. S. Comp. St. 1901, p. 1929]. That part of section 22 which is invoked reads as follows:

"Sec. 22. That all fees exacted and oaths administered by officers of the customs, except as provided in this act, under or by virtue of existing laws of the United States, upon the entry of imported goods and the passing thereof through the customs, and also upon all entries of domestic goods, wares, and merchandise for exportation, be and the same are hereby abolished."

Section 2926, invoked by the government representative, reads as follows:

"Sec. 2926. All merchandise, of which incomplete entry has been made, or an entry without the specification of particulars, either for want of the original invoice, or for any other cause, or which has received damage during the

voyage, shall be conveyed to some warehouse or storehouse, to be designated by the collector, in the parcels or packages containing the same, there to remain with due and reasonable care, at the expense and risk of the owner or consignee, under the care of some proper officer, until the particulars, cost, or value, as the case may require, shall have been ascertained, either by the exhibition of the original invoice thereof, or by appraisement, at the option of the owner, importer, or consignee; and until the duties thereon shall have been paid, or secured to be paid, and a permit granted by the collector for the delivery thereof."

In addition to these provisions of law Act May 1, 1876, c. 89, 19 Stat. 49 [U. S. Comp. St. 1901, p. 1868], must be considered. Omitting the enacting clause, this statute is as follows:

"That a separate entry may be made of one or more packages contained in an importation of packed packages consigned to one importer or consignee, and concerning which packed packages no invoice, or statement of contents or values, has been received. Every such entry shall contain a declaration of the whole number of parcels contained in such original packed package; and shall embrace all the goods, wares, and merchandise imported in one vessel at one time for one and the same actual owner, or ultimate consignee.

"Sec. 2. That the importer, consignee, or agent's oath prescribed by section twenty-eight hundred and forty-one of the Revised Statutes, is hereby modified for the purposes of this act, so as to require the importer, consignee or agent to declare therein that the entry contains an account of all the goods ————— imported in the —————, whereof ————— is master, from ————— for account of —————, which oath so modified shall in each case be taken on the entry of one or more packages contained in an original package. But nothing in this act contained shall be construed to relieve the importer, consignee, or agent from producing the oath of the owner or ultimate consignee in every case, now required by law; or to provide that an importation may consist of less than the whole number of parcels contained in any packed package, or packed packages consigned in one vessel at one time, to one importer, consignee or agent."

It has been settled by repeated decisions that section 2926 of the Revised Statutes was not repealed or the charge for storage therein provided for abolished, by section 22 of the customs administrative act of 1890, for the reason that the charge provided for in section 2926 is a charge for storage, and not a fee, within the meaning of the law. Keveney's Case, G. A. 2,825 (T. D. 15,-476); Bonneville's Case, G. A. 3,269 (T. D. 16,573); Kennedy v. Magone, 158 U. S. 212, 15 Sup. Ct. 814, 39 L. Ed. 954. Other than section 2926, it is not contended that there ever existed any law authorizing the fee or charge under dispute in the case at bar. This fee is not, therefore abolished by section 22, for it either exists by virtue of section 2926 or without express authority of law.

May this fee or charge be exacted under the provisions of section 2926? is the question first to be considered. To be authorized by this section, it must be a charge for an expense incurred incident to the removal and storage of the merchandise pending the ascertainment of its cost or value. The section applies only when there is an incomplete entry of merchandise, or an entry without the specification of particulars, or when the merchandise has been damaged during the voyage. Do the conditions exist to bring the case at bar within the purview of this statute? The merchandise has not been damaged during the voyage. Speaking entirely independent of the act of May 1, 1876, there is an incomplete entry, and an entry without the specification of particulars, within the meaning of that language as used in section 2926. The act of May 1, 1876, modifies all other acts with reference to the entry of merchandise of the character therein provided for. It is known as the "Packed Package Act," and its purpose seem to have becen to have been to make special provision for the entry of packed packages. It authorizes the entry of such packages without an invoice, and states what that entry shall contain. It legalizes an incomplete entry when made of such merchandise as is therein referred to. Can it be that, notwithstanding this, section 2926 of the Revised Statutes applies? To hold this would be in effect to say that the importer who enters his merchandise in strict compliance with one law is to have imposed upon

him a burden not imposed upon the importer who enters his merchandise in strict compliance with another law.

Section 2926 is not a penal statute. The charge for storage and other expenses incident thereto which is therein provided for is intended to reimburse the government for expense necessarily incurred by reason of the failure of the importer to make entry of his merchandise in such a way as the law directs. It operates, however, upon the importer as a penalty for his failure to enter his merchandise as required by law; and if we were to hold that, where merchandise was entered in compliance with the act of May 1, 1876, the charges and costs provided for in section 2926 could yet be imposed, it would be to penalize the importer, who had in every respect complied with the law. This, we think, is not the intention of the section, and is repugnant to those principles of justice which lie at the foundation of all law. We think, therefore, if the entry of a packed package is made in substantial compliance with this act, it cannot be said to be an incomplete entry or an entry without the specification of particulars. The entry of the merchandise in the case at bar, being made in compliance with the act, was therefore not incomplete, was not without the specification of particulars, for it specified such particulars as the law required; nor was it an entry of merchandise damaged during the voyage.

We think it also doubtful if the fee or charge complained of herein is an expense incident to the removal or storage of the merchandise. The method adopted in the treatment of these packed packages in the administration of the customs laws, as the same would appear from the testimony of the acting deputy collector at the port of New York, is substantially as follows: When a packed package arrives it is ordered to the collector's sample office, and sent from there to the appraiser's sample office, where the free packages are separated from the dutiable ones; the free packages being at once delivered to the consignee and the dutiable ones held to await entry and subsequent examination by the appraiser. The entry being made in accordance with the provisions of the act of May 1, 1876, and the merchandise examined and appraised, it is then liquidated, the duties paid, the fee herein complained of exacted, and the merchandise delivered to the consignee. There is no dispute as to these packages being entered in substantial compliance with the act of May 1, 1876. The acting deputy collector testified, in effect, that they were. The same witness testified that the charge in question in this case was originally established to pay the expenses of the sample office, which is maintained for the benefit of the importer, and that such charge was regulated by the Treasury Department by instructions given in 1882. We are therefore led, we think unerringly, to the conclusion that the charge or fee complained of in this case is not such as is authorized and provided for in section 2926. There being no other statute on which it could be based, it therefore follows that it is a fee exacted without authority of law. The fee is undoubtedly a charge made to defray the expenses of special services rendered to facilitate and aid the importers of packed packages in securing the prompt delivery of their goods, and we think there is little doubt that for these services the government might make a reasonable charge by way of fee to be paid upon the entry or delivery of the goods. Congress, however, is the only branch of the government that would have power to authorize this charge. The special service that is rendered incident to the proper administration of the act of May 1, 1876, and, in the absence of a law to the contrary, the expense of this, like the expense of the administration of all laws, must be borne by the government.

In Acker, Merrall & Condit's Case, G. A. 5,689 (T. D. 25,331), this board, in discussing a charge for storing merchandise detained under the so-called "pure food law," said: "Undoubtedly, under the police power of the government, all merchandise brought in from other ports may be detained for such examination as is necessary to guard the public health, welfare, and safety; and we are not prepared to say that the expense of this examination might not be imposed upon the importer. But this, like the examination itself, must be under express provision of the statute. We know of no general provision of the law which would authorize the imposition of the expense of this charge upon the importer; and the specific provision quoted above, under

which this examination is made, being, as it is, one of several items for which there is a specific appropriation, would leave at least a reasonable inference that the purpose and intention of Congress was that all expense in connection with the examination therein provided for should be borne by the government. But whether this be true or not, we cannot see that it in any way differs from the ordinary administration of the public law, the expense of which is uniformly borne by the government, unless there is express provision for imposing this expense upon some party in interest." This case was appealed to the United States Circuit Court, and the decision of the board there sustained. United States v. Acker (C. C.) 133 Fed. 842 (T. D. 25,812).

As to three items stated in the protest here under consideration, the government's representative questions the jurisdiction of the board for the reason that the goods embraced in these three items were never entered at the custom house. The fact is that the items in question cover articles entitled to free admission, which, as stated above, under the practice prevailing in the administration of the customs, immediately upon the ascertainment of the fact that they are entitled to free admission, are delivered to the consignee; but upon each of these packages a fee of 20 cents was charged. The government's contention is that, under Act June 10, 1890, c. 407, § 14, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933] the Board of General Appraisers has jurisdiction only to hear and decide protests relating to the rate and amount of duty upon such merchandise as has been regularly entered. This view, we think, narrows the purview of section 14 to a degree not warranted by the language used in the section. So much of section 14 as is pertinent reads as follows:

"Sec. 14. That the decision of the collector as to the rate and amount of duties chargeable upon imported merchandise, including all dutiable costs and charges, *and as to all fees and exactions of whatever character* (except duties on tonnage), shall be final and conclusive against all persons interested therein, unless the owner, importer, consignee or agent of such merchandise, or the person paying such *fees, charges and exactions* other than duties, shall within ten days after but not before such ascertainment and liquidation of duties, as well in cases of merchandise entered in bond as for consumption, *or within ten days after the payment of such fees, charges and exactions*, if dissatisfied with such decision, give notice in writing to the collector. * * * "

The italics are ours, and we think the words italicized serve to show that the section provides, not only for a protest against the action of the collector as to the rate and amount of duty placed by him upon imported merchandise, which protest shall be filed within 10 days after the ascertainment and liquidation of duties upon said merchandise, but that it also provides for a protest against the action of the collector in imposing fees, charges, and exactions, and that when it is sought to protest against his action in this respect the protest shall be filed within 10 days after the payment of such fees, charges, and exactions. The protests in these cases were filed within the 10 days so provided. The exact question here presented has, we believe, never been passed upon either by the board or the courts. In Re Chichester (C. C.) 48 Fed. 281, the court held that the Board of United States General Appraisers had no jurisdiction to review the action of the collector in determining what duty was to be paid upon merchandise seized and libeled for forfeiture in the federal courts, and that that jurisdiction was confined to reviewing the action of the collector as to the rate and amount of duty on imported merchandise lawfully entered and regularly invoiced and appraised. The court's language in that case must be construed as relating entirely to that part of section 14 which gives the board jurisdiction to review the action of the collector as to the rate and amount of duties upon imported merchandise, and the question as to the board's jurisdiction to review the action of the collector in imposing fees and exactions was not before the court, and could not arise, from the facts of the case. The case of Lloyd Bros., G. A. 6,468 (T. D. 27,680), also had under consideration the jurisdiction of the board to review the decisions of the collector as to the rate and amount of duties on imported merchandise, and followed the decision of the court in Chichester's Case, supra. The question of the board's jurisdiction to review the action of the collector in imposing fees and exactions was not before the board.

As pointed out, section 14, in our judgment, provides two distinct and separate acts of the collector against which protest may be filed: First, his decision as to the rate and amount of duties upon imported merchandise; and, second, his decision upon fees and exactions. We think this is made perfectly clear by the fact that the limitation of time wherein protests may be filed is separately stated. A protest against the decision of the collector as to the rate and amount of duty must, under the section, be filed within 10 days after, but not before, the ascertainment and liquidation of duties. A protest against fees and exactions must be filed within 10 days after the payment of such fees, charges, and exactions. To hold that the board had not jurisdiction in such a case as that here presented would, in our judgment, be in conflict with the express language of section 14 of the act of June 10, 1890. We hesitate to disturb a practice of such long standing, but neither usage nor custom, however ancient, can render legal a fee or charge in the administration of customs that is not authorized by statute.

The protests are sustained, and the collector directed to reliquidate the entries in accordance with the views herein expressed, and refund to the importers the fees collected.

D. Frank Lloyd, Asst. U. S. Atty.
Richard V. Evans, for importers.

PLATT, District Judge. Decision affirmed.