(C. D. 1070)

PUGET SOUND FREIGHT LINES ET AL. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided November 19, 1947)

*Lawrence, Tuttle & Harper* (*Frank L. Lawrence* and *George R. Tuttle* of counsel) for the plaintiff.

*Paul P. Rao,* Assistant Attorney General (*Joseph E. Weil* and *Harold L. Grossman,* special attorneys), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges; EKWALL, J., concurring in result

CLINE, Judge: When these cases were called for trial, a motion was made by counsel for the Government to dismiss the protests on the ground that they were not within the jurisdiction of this court.

The protests are against the exaction of navigation fees by the collector and it is claimed that such fees were abolished by the act of March 3, 1897, section 9, 29 Stat. 689, relating to vessels navigating the waters of the northwestern and other frontiers of the United States otherwise than by sea.

The collector's report on protest 121353–K states that the fees were exacted under section 2654 of the Revised Statutes (19 U. S. C. 58), which provides in part:

> Collectors shall charge and collect the following fees:
> First. For every entrance of any vessel of one hundred tons burden and upward, $2.50.
> Second. For every clearance of any vessel of one hundred tons burden and upward, $2.50.

Third.   For every entrance of any vessel under the burden of one hundred tons, $1.50.

Fourth.   For every clearance of any vessel under one hundred tons burden, $1.50.

The question raised by the motion to dismiss is whether the collection of entry and clearance fees on vessels comes within the jurisdiction of this court under section 514 of the Tariff Act of 1930.   Said section provides:

Except as provided in subdivision (b) of section 516 of this Act (relating to protests by American manufacturers, producers, and wholesalers), all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury), and his decisions excluding any merchandise from entry or delivery, under any provision of the customs laws, and his liquidation or reliquidation of any entry, or refusal to pay any claim for drawback, or his refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation or reliquidation when such liquidation or reliquidation is made more than ten months after the date of entry, shall, upon the expiration of sixty days after the date of such liquidation, reliquidation, decision, or refusal, be final and conclusive upon all persons (including the United States and any officer thereof), unless the importer, consignee, or agent of the person paying such charge or exaction, or filing such claim for drawback, or seeking such entry or delivery, shall, within sixty days after, but not before such liquidation, reliquidation, decision, or refusal, as the case may be, as well in cases of merchandise entered in bond as for consumption, file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto.   The reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the collector upon any question not involved in such reliquidation.

Section 515 of said act provides in part:

*   *   *   If the collector shall, upon such review, affirm his original decision, or if a protest shall be filed against his modification of any decision, and, in the case of merchandise entered for consumption, if all duties and charges shall be paid, then the collector shall forthwith transmit the entry and the accompanying papers, and all the exhibits connected therewith, to the United States Customs Court for due assignment and determination, as provided by law.   Such determination shall be final and conclusive upon all persons, and the papers transmitted shall be returned, with the decision and judgment order thereon, to the collector, who shall take action accordingly, except in cases in which an appeal shall be filed in the United States Court of Customs and Patent Appeals within the time and in the manner provided by law.

Since the collector's action herein does not involve the rate and amount of duties chargeable on any merchandise, the issue is limited to whether entry and clearance fees are exactions (within the jurisdiction of the Secretary of the Treasury) within the meaning of section 514.   Plaintiff points out in its brief that they are imposed in accordance with regulations issued by the Secretary of the Treasury (Customs Regulations of 1943, section 4.98) and are therefore within

his jurisdiction. The question still remains as to whether they are the kind of "exactions" covered by section 514. There is a distinction between the "rate and amount of duties chargeable" and "exactions," and the term "exactions" has been held to include fees on packed packages (*United States* v. *American Express Co.*, 154 Fed. 996, T. D. 28285); inspection charges (*Dunbar Molasses Co.* v. *United States*, 58 Treas. Dec. 634, T. D. 44389); and cartage charges (*Adele Forwarding Co.* v. *United States*, 62 Treas. Dec. 923, Abstract 21680). All of those charges, however, were made in connection with imported merchandise. Plaintiff claims that clearance and entry fees fall within the term "exactions," relying upon the following cases decided under the authority of the Customs Administrative Act of 1890: *Vandergrift* v. *United States*, T. D. 16581, G. A. 3277 (fee for clearance of a foreign vessel to a foreign port); *Hatch* v. *United States*, T. D. 18230, G. A. 3940 (entry fee of American vessel which had touched at a Canadian port); *Sobrinos de Ezquiaga* v. *United States*, 3 Treas. Dec. 807, T. D. 22507, G. A. 4773 (light-dues on foreign vessels).

We do not think those cases are controlling in view of the decision of the Court of Customs Appeals in *Atlantic Transport Co.* v. *United States*, 5 Ct. Cust. Appls. 373, T. D. 34872. In that case protest was made against the collector's charge for the service of inspectors who supervised the loading of a vessel with goods upon which a drawback was claimed. Sections 14 and 29 of the Tariff Act of 1909 were quoted by the court as follows:

Sec. 14. That the decision of the collector as to the rate and amount of duties *chargeable upon imported merchandise*, including all dutiable costs and charges, and as to all fees and exactions of whatever character (except duties on tonnage), shall be final and conclusive against all persons interested therein, unless the owner, importer, consignee, or agent of such merchandise, or the person paying such fees, charges, and exactions other than duties, shall, within fifteen days after but not before such ascertainment and liquidation of duties, as well in cases of merchandise entered in bond as for consumption, or within fifteen days after the payment of such fees, charges, and exactions, if dissatisfied with such decision, give notice in writing to the collector, setting forth therein distinctly and specifically, and in respect to each entry or payment, the reasons for his objections thereto, *and if the merchandise is entered for consumption shall pay the full amount of the duties and charges ascertained to be due thereon.* Upon such notice and payment the collector shall transmit the invoice and all the papers and exhibits connected therewith to the board of nine general appraisers, for due assignment and determination as hereinbefore provided; such determination shall be final and conclusive upon all persons interested therein, and the record shall be transmitted to the proper collector or person acting as such, who shall liquidate the entry accordingly, except in cases where an application shall be filed in the United States Court of Customs Appeals within the time and in the manner provided for in this Act.

Sec. 29. The Court of Customs Appeals established by this Act shall exercise exclusive appellate jurisdiction to review by appeal, as provided by this Act,

final decisions by a board of general appraisers in all cases as to the construction of the law and the facts respecting the classification of merchandise and the rate of duty imposed thereon under such classification, and the fees and charges *connected therewith*, and all appealable questions as to the jurisdiction of said board, and all appealable questions as to the laws and regulations governing the collection of the customs revenues; and the judgment or decrees of said Court of Customs Appeals shall be final in all such cases. * * * Said Court of Customs Appeals shall have power to review any decision or matter within its jurisdiction and may affirm, modify, or reverse the same and remand the case with such orders as may seem to it proper in the premises, which shall be executed accordingly. [Italics quoted.]

The Court of Customs Appeals in its decision noted that the jurisdiction conferred upon it related to fees and charges connected with the classification of merchandise and the rate of duty imposed, and reasoned that it could not take jurisdiction of a case involving fees and charges in no way connected with the importation of merchandise and the proper classification thereof. The court further stated (pp. 375–376):

Turning to subsection 14, we find that while the intent is not so clearly expressed as in subsection 29, yet the purpose to restrict the jurisdiction as to fees and exactions to such fees and exactions as relate to imported merchandise is fairly to be inferred, if we read the broad language in connection with other provisions of the act. In declaring the class of cases in which the decision of the collector is to be deemed final, it refers to duties chargeable upon imported merchandise, *including* dutiable costs and charges and as to all fees and exactions of whatever character, except duties on tonnage. If this broad language is segregated from its context, it might be broad enough to include all fees and exactions by the collector. But the collector of customs may exact fees in a class of cases which have no relation whatever to the collection of duties on imports or have no connection with imported merchandise. This act was clearly not intended to cover such fees and exactions. What follows in the course of the paragraph indicates that the purpose was to restrict this language to cases which had relation to imported merchandise. The remedy providing the method of procedure, the transmission of papers from the customhouse, the effect of the determination by the board, and following upon this the appeal to this court provided for by the subsequent section all indicate a purpose to provide a remedy for persons paying fees, charges and exactions other than duties in connection with imported merchandise. [Italics quoted.]

The same reasoning can be applied to the instant case. Section 514 of the Tariff Act of 1930 provides that "all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury) * * * shall * * * be final and conclusive upon all persons * * *." The jurisdiction of the Court of Customs and Patent Appeals is provided for in 28 U. S. C. 308 as follows:

The Court of Customs and Patent Appeals shall exercise exclusive appellate jurisdiction to review by appeal, as herein provided, final decisions by the United

States Customs Court in all cases as to the construction of the law and the facts respecting the classification of merchandise and the rate of duty imposed thereon under such classifications, and the fees and charges connected therewith, and all appealable questions as to the jurisdiction of said board, and all appealable questions as to the laws and regulations governing the collection of the customs revenues; and the judgments and decrees of said Court of Customs and Patent Appeals shall be final in all such cases: * * *

This appears to limit the jurisdiction of the Court of Customs and Patent Appeals insofar as fees and charges are concerned to those imposed in connection with the importation and classification of merchandise. Since the determinations of the Customs Court are final, unless an appeal is taken to the Court of Customs and Patent Appeals, we do not believe that Congress intended the Customs Court to have jurisdiction over cases involving other fees and charges without providing any method of review.

Nor do we believe that the change of language in the Tariff Acts of 1922 and 1930 indicates an intent to broaden the jurisdiction of this court. Section III A, subdivision N, of the Tariff Act of 1913, provided, similarly to section 14 of the Tariff Act of 1909, *supra*, that "the decision of the collector as to the rate and amount of duties chargeable upon imported merchandise, or upon merchandise on which duty shall have been assessed, including all dutiable costs and charges, and as to all fees and exactions of whatever character (except duties on tonnage)" should be final unless a protest was filed. In the Tariff Act of 1922 (section 514), this language was changed to read as follows:

All decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury), and his decisions excluding any merchandise from entry or delivery, under any provision of the customs revenue laws * * *.

The language in the Tariff Act of 1930, *supra*, is substantially the same as in the act of 1922.

In our opinion, it was unnecessary to use the words "except duties on tonnage" in the Tariff Acts of 1922 and 1930 because of the insertion of the limiting phrases "within the jurisdiction of the Secretary of the Treasury" and "under any provision of the customs laws." The latter phrase modifies all of the foregoing phrases, so that the exactions referred to are those within the jurisdiction of the Secretary of the Treasury under any provision of the customs laws. "Customs laws" refers to imported merchandise. Therefore, navigation fees, which have nothing to do with imported merchandise, are not included within this section of the tariff act and this court has no jurisdiction in the matter.

The District Courts have been given jurisdiction over all cases arising under internal revenue laws "except those cases arising under

any law providing revenue from imports, jurisdiction of which has been conferred upon the Court of Customs and Patent Appeals," and, concurrently with the Court of Claims, over claims against the United States founded upon any law of Congress or regulation of an executive department. (28 U. S. C. 41, sub. 5, 20.) Moreover, the District Court and the Circuit Court of Appeals did assume jurisdiction of the identical question involved herein in *Border Line Transportation Co.* v. *Haas*, 128 F. 2d 192, cert. denied, 318 U. S. 763. In that case, plaintiff sued the collector to recover entrance and clearance fees levied upon vessels navigating between the port of Seattle and ports on the eastern shore of Vancouver Island or the mainland of British Columbia. While the court did not discuss the question of jurisdiction, it held on the merits that the vessels were not exempt from the payment of fees by the statute abolishing such fees as to vessels operating in the northwestern frontiers of the United States otherwise than by sea.

In commenting upon the question of jurisdiction in this type of case, in *Union Oil Co. of California* v. *Bryan*, 52 F. Supp. 256, the court stated (p. 261):

\* \* \* The Ninth Circuit in Re Border Line Transportation Co. *v.* Haas, Collector of Customs, 128 F. 2d 192, decided May 18, 1942, was an action against a Collector of Customs to recover certain entrance and clearance fees. The Circuit Court for this District has several times stated that it is the duty of the court to first determine the question of jurisdiction in each case and if the same is lacking, to dismiss the action. "It is the duty of a federal court to determine a question of its jurisdiction sua sponte, though not raised by either party." 20 Fed. Dig., Courts, 280 (5), p. 725, and cases cited. The question of jurisdiction was not raised either by the court or the parties in Re Border Line Transportation Co., supra, and the same was taken foregranted [sic].

Therefore, since the District Court and the Circuit Court of Appeals decided the *Border Line Transportation Co.* case on its merits, they must have found that they had jurisdiction. Since the District Court refuses cases where the Customs Court has jurisdiction (*Riccomini* v. *United States*, 69 F. 2d 480; *Patchogue-Plymouth Mills Corp.* v. *Durning*, 101 F. 2d 41), it follows that the Customs Court does not have jurisdiction over the question herein.

In *Carriso, Inc.* v. *United States*, 106 F. 2d 707, plaintiff claimed that entrance and clearance fees and fees for surveyors' services other than the admeasurement of vessels were illegally exacted by the collector. A demurrer was filed on the ground that the complaint failed to state facts sufficient to confer jurisdiction upon the District Court and the complaint was dismissed. The Circuit Court of Appeals reversed, holding that the demurrer should be overruled and the defendant required to answer so much of the complaint as related to surveyors' fees exacted after March 3, 1933; and that the balance of the complaint should be disregarded since the fees complained of

had not been abolished. The defendant had conceded that surveyors' fees exacted after March 3, 1933, were illegal, but claimed that plaintiff's only remedy was under section 26 of the act of June 26, 1884, c. 121, 23 Stat. 59, 18 U. S. C. 643, which grants power to the Secretary of the Treasury to remit "any fine, penalty, forfeiture, exaction, or charge arising under the laws relating to vessels or seamen" which had been paid to a collector of customs or consular officer, should he find the same improperly or excessively imposed. The court held that that was not plaintiff's sole remedy, stating (p. 712):

* * * Long before the *administrative* remedy was provided, Congress had, by § 1 of the Act of February 24, 1855, c. 122, 10 Stat. 612, now embodied in § 145 (1) of the Judicial Code, 28 U. S. C. A. § 250 (1), provided a *judicial* remedy in such cases. That remedy was by suit or action in the Court of Claims, which had, and still has, jurisdiction to hear and determine claims such as appellant's. That jurisdiction was not impaired or in anywise affected by § 26 of the Act of June 26, 1884, supra. By § 2 of the Act of March 3, 1887, c. 359, 24 Stat. 505, now embodied in § 24 (20) of the Judicial Code, 28 U. S. C. A. § 41 (20), supra, concurrent jurisdiction of claims such as appellant's was vested in the district courts. [Italics quoted.]

In view of these authorities, we hold that jurisdiction over cases involving the collector's exaction of fees in connection with the entry and clearance or vessels has been conferred upon the District Court and the Court of Claims and not upon the Customs Court. The motion to dismiss the protests in these cases is granted.

### CONCURRING OPINION

Ekwall, Judge: I concur in the holding that the protests should be dismissed.