**PUGET SOUND FREIGHT LINES et al. v. UNITED STATES.**

Customs Appeal No. 4587.

United States Court of Customs and Patent Appeals.

Feb. 1, 1949.

Lawrence, Tuttle & Harper, of San Francisco, Cal. (Frank L. Lawrence and George R. Tuttle, both of San Francisco, Cal., of counsel), for appellants.

David N. Edelstein, Asst. Atty. Gen. (Sybil Phillips, Sp. Atty., of New York City, of counsel), for United States.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL, and JOHNSON, Judges.

JACKSON, Judge.

Appellant has appealed from a judgment of the United States Customs Court, Third Division, pursuant to its decision, C.D.1070, dismissing forty-two protests.

Certain of appellants' ships or vessels were assessed by the collectors at various ports in the State of Washington with fees relating to entry, clearance, and post entries. The assessments were levied pursuant to Sec. 2654 of the Revised Statutes, 19 U.S.C. § 58, 19 U.S.C.A. § 58. Appellants alleged in their protests that such assessments were illegally exacted because the Act of March 3, 1897, § 9, 29 Stat. 689, 46 U.S.C.A. § 330, abolished such fees where vessels operate in the waters of the Northern, Northeastern, and Northwestern frontiers of the United States, other than by sea.

When the cases were called for trial, counsel for appellee moved to dismiss the protests on the ground that the court was without jurisdiction to try the issues on their merits. The exact question raised was whether or not the assessment and collection of the involved fees are within the jurisdiction of the trial court under Sec. 514 of the Tariff Act of 1930, 19 U.S.C.A. § 1514, reading as follows:

"Sec. 514. Protest against collector's decisions

"Except as provided in subdivision (b) of section 516 of this Act (relating to protests by American manufacturers, producers, and wholesalers), all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury), and his decisions excluding any merchandise from entry or delivery, under any provision of the customs laws, and his liquidation or reliquidation of any entry, or refusal to pay any claim for drawback, or his refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation or reliquidation when such liquidation or reliquidation is made more than ten months after the date of entry, shall, upon the expiration of sixty days after the date of such liquidation, reliquidation, decision, or refusal, be final and conclusive upon all persons (including the United States and any officer thereof), unless the importer, consignee, or agent of the person paying such charge or exaction, or filing such claim for drawback, or seeking such entry or delivery, shall within sixty days after, but not before such liquidation, reliquidation, decision, or refusal, as the case may be, as well in cases of merchandise entered in bond as for consumption, file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto. The reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the collector upon any question not involved in such reliquidation."

Section 515 of the act, 19 U.S.C.A. § 1515,[1] which must be read in connection with Sec. 514 reads in part as follows:

"If the collector shall, upon such review, affirm his original decision, or if a protest shall be filed against his modification of any decision, and, in the case of merchandise entered for consumption, if all duties and charges shall be paid, then the collector shall forthwith transmit the entry and the accompanying papers, and all the exhibits connected therewith, to the United States Customs Court for due assignment and determination, as provided by law. Such determination shall be final and conclusive upon all persons, and the papers transmitted shall be returned, with the decision and judgment order thereon, to the collector, who shall take action accordingly, except in cases in which an appeal shall be filed in the United States Court of Customs and Patent Appeals within the time and in the manner provided by law."

It is not necessary to set out the Act of March 3, 1897, as the only issue before us is the jurisdiction of the United States Customs Court to entertain the protests on their merits.

The trial court noted that there is a distinction between "rate and amount of duties chargeable" and "exactions" as provided for in Sec. 514, citing the cases of United States v. American Express Company, C.C.S.D.N.Y. 1907, 154 F. 996, T.D. 28285, which had to do with fees on packed packages; Dunbar Molasses Co. et al. v. United States, 58 Treas.Dec. 634, T.D. 44389, relating to inspection charges; and Adele Forwarding Co. v. United States, 62 Treas.Dec. 923, Abs. 21680, which involved cartage charges. The court observed that all of those fees or charges in the above cited cases were made in connection with imported merchandise. The court was of opinion that the cases cited in appellants' brief to sustain their contention that the involved fees fall within the meaning of the term protestable "exactions"—Vandergrift v. United States, T.D. 16581, G.A. 3277, which involved a fee for clearance of a foreign vessel to a foreign port; Hatch v. United States, T.D. 18230, G.A. 3940, which had to do with the entry fee of an American vessel which had touched at a Canadian port; and Sobrinos de Ezquiaga v. United States, 3 Tres.Dec. 807, T.D. 22507, G.A. 4773, involving "light-dues" on foreign vessels—were not controlling in view of the decision of this court in the case of Atlantic Transportation Co. v. United States, 5 Ct.Cust.App. 373, T.D. 34872.

The trial court was of opinion that the United States district courts have been vested with jurisdiction to hear and determine the issue herein under 28 U.S.C. § 41, subd. 5 [now 28 U.S.C.A. § 1340], reading as follows:

"(5) Cases under internal revenue, customs, and tonnage laws.

"Fifth. Of all cases arising under any law providing for internal revenue, or from revenue from imports or tonnage, *except those cases arising under any law providing revenue from imports, jurisdiction of which has been conferred upon the Court of Customs and Patent Appeals.*" (Italics ours.)

The court observed that both the district court and the court of appeals, Ninth Circuit, assumed jurisdiction in the case of Border Line Transportation Co. v. Haas, Collector of Customs, 9 Cir., 1942, 128 F.2d 192, certiorari denied, 318 U.S. 763, 63 S.Ct. 662, 87 L.Ed. 1134, prosecuted by the counsel for appellants herein. The issues in that case were identical with the facts here. It is true that the question of jurisdiction was not raised, but the court held on the merits that the vessels were not exempt from the payment of fees, as contended for by appellant.

The question of jurisdiction was squarely raised in the case of Union Oil Co. of California v. Bryan, D.C.S.D.Cal.1943, 52 F. Supp. 256, 261, wherein it was pointed out that the question of jurisdiction had not been raised in the Border Line Transportation case, supra. In the Union Oil case the court stated as follows:

"The Circuit Court for this District has several times stated that it is the duty of the court to first determine the question of jurisdiction in each case and if the same is

---

[1] Incorporated in part in 1948 Judicial Code, 28 U.S.C.A. §§ 1583, 2637.

lacking, to dismiss the action. 'It is the duty of a federal court to determine a question of its jurisdiction sua sponte, though not raised by either party.' 20 Fed. Dig., Courts, ⟳ 280(5), and cases cited."

The court there held that it had jurisdiction and the issue not only involved the jurisdiction of the court, but also the issue as to whether or not taxes levied on the tonnage of a vessel which had sailed from Talara, Peru, to Vancouver, B.C., where its entire cargo was discharged, and was then sailed in ballast to the port of San Luis, California, was to be held as entering the United States from Vancouver rather than Talara, and whether or not the Collector of Customs could be sued to recover a tonnage tax if it were found to be illegally collected. The court held that it had jurisdiction to hear and determine the questions. Trial was had on the merits and judgment rendered as prayed for in the complaint. In assuming jurisdiction, the court quoted Title 28, Sec. 41 of the U.S.C. [now 28 U.S.C.A. § 1340], hereinbefore set out. We are of opinion that the reasoning of the court was proper.

The trial court herein held that since district courts have refused to entertain jurisdiction in cases wherein jurisdiction is vested in the Customs Court, Riccomini v. United States, 9 Cir., 1934, 69 F.2d 480; Patchogue-Plymouth Mills Corporation v. Durning, 2 Cir., 1939, 101 F.2d 41, and since the district court and court of appeals in the Border Line case, supra, assumed jurisdiction, it follows that the United States Customs Court is without jurisdiction to try the instant issue on its merits.

In support of its reasons for dismissing the protests herein, the trial court also cited the case of Carriso, Inc. v. United States, 9 Cir., 1939, 106 F.2d 707, 709. That was an action against the United States under § 24 (20) of the Judicial Code, 28 U.S.C. § 41(20) [now 28 U.S.C.A. § 1346], under the provisions of which district courts concurrently with the Court of Claims have original jurisdiction. It was alleged in the complaint that appellant was the owner of vessels which were entered and cleared at the port of San Francisco-Oakland, between February 11, 1932, and August 13, 1937, upon which the Collector of Customs exacted entrance and clearance fees and fees for surveyors' services other than the admeasurment of vessels, pursuant to said paragraph 2654 and the regulations thereunder, and that all fees had been paid under duress so as to obtain clearance of the vessels, prevent their seizure and forfeiture, and to avoid prosecution of their masters. The district court sustained a demurrer to the complaint which was dismissed. The court of appeals reversed the judgment of the trial court and held that the defendant be required to answer so much of the complaint as related to the surveyors' fees exacted after March 3, 1933. The defendant conceded that those fees exacted after that date were illegal, but contended that the plaintiff's only remedy was under Sec. 26 of the Act of June 26, 1884, c. 121, 23 Stat. 59, 18 U.S.C. § 643, [now 46 U.S.C.A. § 8], which provided that the Secretary of the Treasury might remit any fine, penalty, forfeiture, exaction, or charge which arose under the laws relating to vessels or seamen which had been paid to the Collector of Customs or consular officer if he found them to be improperly or excessively imposed. The court of appeals did not agree with that contention, stating as follows:

"Long before the *administrative* remedy was provided, Congress had, by § 1 of the Act of February 24, 1855, c. 122, 10 Stat. 612, now embodied in § 145(1) of the Judicial Code, 28 U.S.C.A. § 250(1), provided a *judicial* remedy in such cases. That remedy was by suit or action in the Court of Claims, which had, and still has, jurisdiction to hear and determine claims such as appellant's. That jurisdiction was not impaired or in anywise affected by § 26 of the Act of June 26, 1884, supra. By § 2 of the Act of March 3, 1887, c. 359, 24 Stat. 505, now embodied in § 24(20) of the Judicial Code, 28 U.S.C.A. § 41(20), supra, concurrent jurisdiction of claims such as appellant's was vested in the district courts." (Italics quoted.)

By reason of the authorities cited in the previously mentioned cases, the trial court held that the issue raised by the protests can not be litigated in the Customs Court, but is within the concurrent jurisdiction of the district courts and Court of Claims.

Counsel for appellant in their elaborate brief have reviewed extensively the pertinent legislation prior to the enactment of Sec. 514 for the purpose of demonstrating the way in which the rights to protest against the action of the collector had been broadened, not only with respect to his decision as to rates and amounts of duties, but also in connection with his right to levy fees, charges, and exactions.

The prior acts digested in the brief of appellants extend from the Act of February 25, 1845, 5 Stat. 727, to the present Tariff Act. In the earlier statutes when one was dissatisfied with the decision of a collector as to the rate and amount of duties to be paid on entered merchandise or on the tonnage of entering vessels together with respect to all fees, charges, and exactions of any character, the law provided that he should file a notice in writing of such dissatisfaction. Relatively later statutes, such as the Customs Administrative Act of June 10, 1890, 26 Stat. 137, abolished the right to protest against the collector's decision as to the rate and amount of duties chargeable upon the tonnage of a vessel regardless as to whether such charges were to be considered as duties or exactions.

Under the Act of July 5, 1884, 23 Stat. 118, 119, Sec. 3, a Bureau of Navigation was created within the Treasury Department. That bureau had jurisdiction over tonnage taxes, and their assessment could not be challenged before the newly created Board of General Appraisers. Sobrinos de Ezquiaga v. United States, supra.

The Bureau of Navigation together with its authority over the entrance and clearance of vessels was removed from the Treasury Department to the Department of Commerce and Labor by Sec. 10 of the Act of February 14, 1903, 32 Stat. 825, 830, where it remained until it was transferred to the Commissioner of Customs under the direction and supervision of the Secretary of the Treasury by Executive Order No. 9083, effective March 1, 1942, 50 U.S.C.A. Appendix, § 601 note, T.D. 50575. That order was issued pursuant to the authority of Title 1 of the First War Powers Act of 1941, approved December 18, 1941, 50 U.S.C.A.Appendix, § 601 et seq.

The Tariff Act of 1890 and subsequent acts up to and including the act of 1913 made protestable all decisions of the collector with respect to rate and amount of duties upon imported merchandise and decisions as to all fees and exactions of whatever character except duties on tonnage.

A change of language appeared in Sec. 514 of the Tariff Act of 1922, 42 Stat. 969. The phrases "upon imported merchandise" was deleted from the Tariff Act of Oct. 3, 1913, 38 Stat. 187, and also the expression "except duties on tonnage." Then for the first time the phrase now before us for construction "as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury)" was used. It appeared first in a Senate committee amendment to H.R. 7456, Tariff Act of 1922, and was in the bill as passed by the Senate. In conference the House receded from its disagreement with the amendment as appears at page 157, Conference Report 1223, 67th Congress, 2nd Session as follows:

"Amendment No. 2053: Title IV applies to decisions of the collector upon the questions not within the jurisdiction of the Secretary of the Treasury, particularly questions under the navigation laws within the jurisdiction of the Secretary of Commerce. The Senate amendment is intended to eliminate all doubt as to the extension of a remedy by protest of matters not falling within the jurisdiction of the Secretary of the Treasury; and the House recedes."

It seems clear to us, from a reading of the reasons given by the House, above quoted, that questions arising under the navigation laws, including the assessment of entry and clearance fees were not considered to be protestable, and therefore the jurisdiction of the Customs Court should not include those matters.

Since the language of Sec. 514 of the Tariff Act of 1930 is the same as the language of the act of 1922, we have no doubt as to the intent of Congress. It appears to us by reason of the language employed, that issues arising under the navigation laws would not be protestable for the reason that such questions were within the jurisdiction of the Secretary of Commerce.

Even though the transfer effected by Executive Order 9083, supra, has placed within the jurisdiction of the Secretary of the Treasury the assessment of navigation fees, nevertheless, contrary to the contention of appellants, we do not think that the language of Sec. 514 means that the legality of the involved fees may be challenged by protest.

In view of our conclusion, it is not necessary to discuss the imposing array of cases cited by counsel for appellants to sustain their contention concerning legislative approval of judicial interpretation, or the jurisdiction exercised by the Board of General Appraisers, now the United States Customs Court.

With respect to the limitation of jurisdiction of the board and the then newly created Court of Customs Appeals, we think that subsection 29 of Sec. 28 of the Tariff Act of 1909, 36 Stat. 106, is illuminating. It reads as follows:

"The Court of Customs Appeals established by this Act shall exercise exclusive appellate jurisdiction to review by appeal, as provided by this Act, final decisions by a Board of General Appraisers in all cases as to the construction of the law and the facts respecting the classification of merchandise and the rate of duty imposed thereon under such classification, and the fees and charges connected therewith, and all appealable questions as to the jurisdiction of said board, and all appealable questions as to the laws and regulations governing the collection of the customs revenues; and the judgment or decrees of said Court of Customs Appeals shall be final in all such cases."

It was in view of that section that the court in the Atlantic Transport case, supra, announced that neither the Board of General Appraisers nor this court had jurisdiction to entertain a protest against the charge of fees by the collector for services of inspectors engaged in supervising the lading on board a vessel of merchandise on which drawback was claimed. We think the principle announced there has a strong bearing upon the instant case. In that case it was stated as follows:

"The question of jurisdiction therefore stands for decision, and the question, stated briefly, is whether subsection 14 of section 28 of the act of 1909, corresponding to section 14 of the customs administrative act of 1890, was intended to confer jurisdiction upon the board in any cases other than those relating to duties or charges on imported goods.

\*    \*    \*    \*    \*    \*

"But the collector of customs may exact fees in a class of cases which have no relation whatever to the collection of duties on imports or have no connection with imported merchandise. This act was clearly not intended to cover such fees and exactions. What follows in the course of the paragraph indicates that the purpose was to restrict this language to cases which had relation to imported merchandise. The remedy providing the method of procedure, the transmission of papers from the customhouse, the effect of the determination by the board, and following upon this the appeal to this court provided for by the subsequent section all indicate a purpose to provide a remedy for persons paying fees, charges, and exactions other than duties in connection with imported merchandise."

The present statutory provision for the jurisdiction of this court in customs matters with relation to classification has not been changed since the Tariff Act of 1909, and our jurisdiction, therefore, is limited to "the construction of the law and the facts respecting the classification of merchandise and the rate of duty imposed thereon under such classification, and the fees and charges connected therewith". The Customs Court exercises original jurisdiction and this court appellate jurisdiction. Since the jurisdiction of this court is limited to fees and charges connected with the classification of merchandise and the rate of duty imposed thereon, so also the jurisdiction of the Customs Court must be, as was held by the court below, similarly limited. The fees which are here involved are not connected with classification or rate or amount of duty properly assessable on merchandise, and are therefore not protestable.

Clearly the district courts of the United States and the United States Court of Claims are the proper tribunals for de-

cision in "all cases arising under any law providing for internal revenue, or from revenue from imports or tonnage, *except those cases arising under any law providing revenue from imports,* jurisdiction of which has been conferred upon the Court of Customs and Patent Appeals." 28 U.S. C. § 41, subsection 5, 20, 28 U.S.C.A. § 41 (5, 20), supra. (Italics ours.) In view of that statute, the Customs Court and this court have exclusive jurisdiction of issues which arise *"under any law providing revenue from imports".* Jurisdiction in the Customs Court and this court, therefore, does not extend to fees and charges not connected with imported merchandise.

The United States district courts and courts of appeals will not assume jurisdiction of issues involving "revenue from imports". Riccomini v. United States, supra; Patchogue-Plymouth Mills Corporation v. Durning, supra. Furthermore, both the United States district court and the court of appeals in the Border Line Transportation case, supra, and the district court in the Union Oil case, supra, assumed jurisdiction, and we are of opinion, therefore, that the issues in those cases can not properly be held to be within the jurisdiction of the Customs Court or of this court.

We are of opinion that fees, exactions, or charges which bear no relation to the importation of merchandise and the rate of duty resulting from such classification are not, as contended by appellants, "exactions of whatever character (within the jurisdiction of the Secretary of the Treasury)" within the meaning of Sec. 514 of the Tariff Act of 1930. The trial court properly dismissed the protests.

For the reasons hereinbefore given, the judgment of the United States Customs Court is affirmed.

Affirmed.