ST. PAUL FIRE AND MARINE INSURANCE COMPANY, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 76-11-02515

(Dated May 11, 1981)

*Wayne Jarvis, Ltd.* (*Wayne Jarvis* and *Michael G. Hodes* of counsel) for the plaintiff.

*Thomas S. Martin,* Acting Assistant Attorney General; *Joseph I. Liebman* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*John J. Mahon* on the briefs), for the defendant.

MALETZ, *Judge:* The facts in this case are exceedingly simple. Plaintiff was a surety for two importers, Carnival International Corp. of New York, N.Y., and Heller International, Inc. of Los Angeles, Calif. On March 8, 1974, an entry of Carnival was liquidated resulting in an increase in duty of $1,280.50, and on January 10, 1975, an entry of Heller was liquidated resulting in an increase of duty of

$66.99. No protest was ever filed by any party contesting the liquidation of these entries and it is undisputed that the liquidations were proper in all respects.

Carnival and Heller, however, failed to pay the increased duties owing on these two liquidated entries. In that circumstance on December 30, 1975, the Customs Service, pursuant to section 24.72 of the Customs Regulations, applied certain sums otherwise due plaintiff as a result of its status as surety in other transactions not related to this action to the obligations of Carnival and Heller on the two entries in question as a result of plaintiff's status as surety on those entries.[1]

On March 30, 1976, plaintiff filed protests against these set-offs which were denied by the Customs Service in May 1976. Suit in this court followed. Defendant has moved to dismiss contending, among other things, that the court lacks subject matter jurisdiction of this action.

At the outset, it is to be noted that when the present action was commenced, the jurisdiction of this court to the extent relevant was limited by 28 U.S.C. § 1582(a) to civil actions involving " * * * (2) the classification and rate and amount of duties chargeable [and] (3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury * * *." Since there is no dispute about the correctness of the classification and rate and amount of duties chargeable on the two entries in question, the single issue is whether the set-offs against the plaintiff as a result of its contractual obligations as surety for unpaid customs duties on those entries constitute "charges or exactions" within the meaning of section 1582(a)(3).

In the court's view, these set-offs are not such "charges or exactions." It is clear from the structure of section 1582(a) (2) and (3) that questions relating to the duties found to be due upon liquidation constitute one subject matter category, and the imposition of charges or exactions another. Thus "[t]here is a distinction between the 'rate and amount of duties chargeable' and 'exactions,' * * *." *Puget Sound Freight Lines* v. *United States*, 19 Cust. Ct. 70, 72, C.D. 1070 (1947), aff'd, 36 CCPA 70, C.A.D. 400, 173 F. 2d 578 (1949). In this setting, what is involved here is the collection of customs duties found to be due upon liquidation. The fact that these duties were collected from the plaintiff surety rather than the importers, Carnival and Heller, who failed to pay them, does not transform

---

[1] Section 24.72 of the Customs Regulations (19 CFR § 24.72) provides: "When an importer of record or any other party has a judgment or other claim allowed by legal authority against the United States, and he is indebeted to the United States; either as principal or surety, for an amount which is legally fixed and undisputed, the collector shall set off so much of the judgment or other claim as will equal the amoun of the debt duet the Government."

them into charges or exactions. As Judge Newman of this court explained in *Alberta Gas Chemicals, Inc.* v. *Blumenthal*, 82 Cust. Ct. 77, 81, C.D. 4792, 467 F. Supp. 1245, 1249–1250 (1979), the terms "charges and exactions" "have been applied to actual assessments of specific sums of money (*other than ordinary customs duties*) on imported merchandise." [Emphasis added.] This case involves just that—"ordinary customs duties"—which cannot be considered "charges or exactions" within the context of section 1582(a)(3).

Moreover, it is established that a demand for payment of duties previously found due upon liquidation cannot constitute an "exaction" against which a protest may be filed under 19 U.S.C. § 1514.[2] *United States* v. *Mexican Petroleum Corp.*, 28 CCPA 90, 96, C.A.D. 130 (1940); *Schenley Import Corp.* v. *United States*, 28 Cust. Ct. 170, 173, C.D. 1405 (1952); *Hiram Walker & Sons, Inc.* v. *United States*, 25 CCPA 189, T.D. 49293 (1937); *United States* v. *Andrews & Co.*, 14 CCPA 62, 64 T.D. 41576 (1926). Manifestly, if the demand for paying of previously liquidated duties cannot constitute a protestable "exaction," neither can the actual collection of those duties, whether collection is by set-off or otherwise.

Plaintiff argues though that it is not attacking the prior liquidaliquidations but rather is challenging "an independent transaction involving an exaction against a party who is not an importer and who questions the legal basis upon which its property was taken to satisfy another's duty liability." Stated otherwise, plaintiff is arguing in effect that its property was taken without process. But this argument proves too much. For if plaintiff believes it is not legally responsible for the amount of the unpaid Customs duties involved in the two liquidated entries in this case, it is in the wrong forum. The proper court in which to contest that issue is the district court or the Court of Claims, not this court. See, e.g., *Puget Sound Freight Lines* v. *United States*, *supra*, 36 CCPA at 78, 173 F. 2d at 583–584.

For the foregoing reasons, defendant's motion to dismiss for lack of subject matter jurisdiction is granted and the action is hereby dismissed.[3]

---

[2] When the present action was commenced, 19 U.S.C. § 1514(a) provided in relevant part that protests could be filed against decision of Customs as to "* * * (2) the classification and rate and amount of duties chargeable [and] (3) all charges or exactions of whatever character within the jurisdiction of the Secretary of the Treasury * * *." 28 U.S.C. § 1582(c) in turn deprived this court of jurisdiction unless a protest had been filed as prescribed by 19 U.S.C. § 1514.

[3] In view of this holding, it is unnecessary to consider defendant's alternative contention that plaintiff lacks standing to maintain this action.