**No. 51505.**—Protest 121346–K of Dixie Bottle & Beverage Co. (Savannah).

Opinion by KEEFE, J. The report of the discharging inspector showed that the shipment of brandy was received in good order, except that 539 bottles were broken, and 2 cases and 13 bottles were short. The collector's answer to protest disclosed that an allowance in duties was made for the 2 cases and 13 bottles re-

ported short by the discharging inspector, but that the collector disallowed the claim for the 539 broken bottles. Inasmuch as the evidence established that the importer did not file an affidavit under the provisions of paragraph 813, as amended by the Customs Administrative Act of 1938, verifying the report of breakage reported by the customs officials, it was held that the importer was not entitled to any allowance as to losses through breakage of the bottles. (*Park & Tilford Import Corp.* v. *United States*, 26 C. C. P. A. 342, C. A. D. 38, cited.) The collector also refused to make an allowance in duties for the 185.1 gallons of brandy claimed to have been lost in the filtering and rebottling process in warehouse. In view of the mandatory provisions of the statute as to the manner in which refund of duties for loss of liquors through breakage may be obtained, and the construction of section 562 relating to manipulation of liquors in warehouse by the appellate court in *United States* v. *Siegfried Lowenthal Co.* (31 C. C. P. A. 19, C. A. D. 244), it was held that the importer is not entitled to any refund of duties either upon the losses discovered at the time of rebottling or the losses due to breakage. The protest was therefore overruled.