(C. D. 1405)

SCHENLEY IMPORT CORP. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided April 10, 1952)

*John D. Rode (Ellsworth F. Qualey* of counsel) for the plaintiff.
*Charles J. Wagner,* Acting Assistant Attorney General (*William J. Vitale,* special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges; CLINE, J., not participating

JOHNSON, Judge: This action involves an importation of rum in barrels entered at Indianapolis, Ind., concerning which the collector made a demand for duty on October 31, 1947, based upon a liquidation of June 12, 1947. The plaintiff contends that this demand for duties is illegal because it was made more than 60 days after liquidation of the entry and was not found due upon liquidation.

At the trial it was stipulated and agreed orally between counsel for both sides as follows:

MR. QUALEY: I offer to stipulate with the Government counsel, subject to the approval of the Court, that this protest covers an importation of rum in barrels entered at Indianapolis, Indiana, under Entry #131–L on May 29, 1944, by Schenley Import Corporation, 350 Fifth Avenue, New York, N. Y.; that the duties and Internal Revenue taxes due on this entry were computed by the Collector of Customs in liquidation on June 12, 1947; that pursuant to this liquidation and in order to balance the amount paid by the importer in duties and Internal Revenue taxes, plus credits allowed by the Collector, as against the amount owing as computed in liquidation, a demand was made against the importer on July 10, 1947, on Customs Form 5107 for the payment of the sum of $92.42 representing duties and $57.60 representing Internal Revenue taxes; that these sums were paid on August 14, 1947.

I also offer to stipulate that on October 31, 1947, the Collector of Customs at Indianapolis made a demand on the importing corporation pursuant to the provisions of Section 8.44 of the Customs Regulations of 1943, as amended by T. D. 51727, 82 Treas. Dec. 191, effective August 1, 1947, for the payment of the sum of $4,166.97, representing duties alleged to be due on the liquidation of the entry

for the difference between the entered gauge and the gauge prior to exportation of the merchandise repacked and exported from the United States; that except for the amendment to Section 8.44 of the Customs Regulations published as T. D. 51727 no demand for $4,166.97 would have been made; that protest was filed against this demand on November 25, 1947.

I offer in evidence a copy of the letter of October 31, 1947, from the Deputy Collector of Customs at Lawrenceburg, Indiana, and a certified copy of enclosure consisting of a demand on Customs Form 5107 dated October 31, 1947, as Plaintiff's Exhibit #1, dated October 31, 1947, as Plaintiff's Exhibit #1.

MR. VITALE: No objection.

JUDGE JOHNSON: They may be received and marked. (Exhibits received and marked "Plaintiff's Exhibit #1.")

MR. QUALEY: I offer in evidence copy of a letter from the Deputy Collector of Customs at Lawrenceburg, Indiana, dated April 29, 1948, addressed to Mr. John D. Rode as Plaintiff's Exhibit #2.

MR. VITALE: No objection.

JUDGE JOHNSON: It may be received and marked. (Exhibit received and marked "Plaintiff's Exhibit #2.")

MR. VITALE: On the authority of Emmie Anderson, Assistant Collector of Customs at the port of entry, the Government is willing to so stipulate.

Counsel for the Government had previously moved to dismiss the protest for the reason that it appears from the official papers that the entry was liquidated on June 12, 1947, and the protest herein was filed on November 26, 1947, which was more than 60 days after liquidation and not in compliance with section 514 of the Tariff Act of 1930. Decision upon the motion was reserved by the court.

Counsel for the plaintiff contends that the demand made by the collector on October 31, 1947, was not a demand for duties found due on liquidation, but a demand arising out of circumstances occurring subsequent to liquidation and, as such, is illegal and void since made more than 60 days after the liquidation. Counsel for the plaintiff further contends that the Government's motion to dismiss the protest as untimely should be denied for the reason that the protest was filed within 60 days from the date of the collector's illegal demand.

Counsel for the Government contends that as the demand of the collector for the payment of duties was for the deficiency between the liquidated duty, as determined by the entry gauge and the regauge made for export, and represented the duties accruing as a result of the liquidation of June 12, 1947, it is not a decision or exaction against which a protest may be filed under the provisions of section 514, *supra*. Counsel also points out, however, that the demand was made "in view of the decision of the Acting Commissioner of Customs, as approved by the Acting Secretary of the Treasury, and reported in T. D. 51727, which changed Sec. 8.44 of the Customs Regulations of 1943."

The first question arising in this case is whether or not the protest should be dismissed as not being filed in accordance with the time provided for in the statute. The collector liquidated warehouse entry 131, dated May 29, 1944, on June 12, 1947. At that time, all of the alcoholic beverages had been withdrawn from warehouse, and on July 10 thereafter, in addition to the duties and internal revenue taxes paid at the time of the various withdrawals, the collector demanded payment of $92.42 in duties and $57.60 in internal revenue taxes. These amounts were paid on August 14, 1947. With these payments, the entry discloses that the duties collected amounted to $45,351.93 and the internal revenue taxes $160,754.40. The liquidation of June 12, 1947, however, showed that the duties due were $49,518.90 and that the internal revenue taxes were $160,364.70. Whereas the liquidated duties lacked $4,166.97 of being paid, the internal revenue taxes were overpaid in the amount of $389.70. The collector has simply made a demand upon the importer to pay the balance of the duties found to be due at the time of liquidation. This action the importer objects to as being an illegal exaction. No objection, however, was made to the $389.70 internal revenue tax that is credited to the importer's account.

Although it is obvious from a reading of the oral stipulation that an attempt is made to explain the reason why the collector made the demand for payment of the duty in question, the fact remains that the amount of duty computed on liquidation was $49,518.90 and that only $45,351.93 thereof was paid. Notwithstanding the reasons that motivated the collector in making his demand for the balance due, such amount was due and unpaid at the time of the demand.

The regulations provided that duty shall be collected upon any deficiency from the original gauge on distilled spirits in casks withdrawn for exportation "unless the collector of customs is satisfied, after a careful investigation, that the deficiency is due solely to evaporation." On August 1, 1947, a change was made therein by deleting the foregoing quoted portion thereof. It might have been possible that the circumstance which motivated the collector in making the demand in question was because of such change. That situation, however, would not affect the legality of the demand, particularly because the courts have held that under the provisions of paragraph 813 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, governing the importation of alcoholic beverages, there shall be no constructive or other allowance in duties, other than as there provided, while the beverages are in transit. In *United States* v. *Siegfried Lowenthal Co.*, 31 C. C. P. A. (Customs) 19, C. A. D. 244, the court, in construing paragraph 813, stated:

* * * should it be held that an importer of intoxicating liquor may secure an abatement or refund of duties under that section due to loss of liquor while in

bonded warehouse, it would in all such cases completely nullify paragraph 813, which may not be done. The same nullification would apply to section 563 (a) * * * in all such cases..

In *United States* v. *Somerset Importers, Ltd.*, 33 C. C. P. A. (Customs) 138, C. A. D. 328, the court again pointed out that the quantity of alcoholic beverages was to be taken from the gauger's return as of the time of entry before delivery at the final destination. In the case of *Geo. Wm. Rueff, Inc.* v. *United States*, 13 Cust. Ct. 165, C. D. 888, 846.625 gallons of rum were lost from 21 casks between the time the casks were entered in warehouse and the time of regauging prior to destruction under customs supervision, in accordance with the provisions of section 563 of the tariff act. The court stated that even though provision in that section is made that no less than an entire package may be abandoned, such language would not authorize the remission or refund of duties upon merchandise not contained therein at the time of abandonment as there must be a specified quantity capable of being abandoned before the abandonment thereof may be accomplished, and it was held that duty was properly assessed upon the basis of the entered gauge. In *Dixie Bottle & Beverage Co.* v. *United States*, 18 Cust. Ct. 139, Abstract 51505, the collector refused to grant an allowance in duties for losses of brandy caused by breakage, certain shortages, and manipulation in warehouse under the provisions of section 562 of the tariff act, as amended by the Customs Administrative Act of 1938. The shipment, when received, contained 539 broken bottles. Claim for said breakage was disallowed as the importer failed to file the required affidavit. The collector also refused to grant an allowance in duties for 185.1 gallons claimed to have been lost in filtering and rebottling. The court stated that in view of the mandatory provisions of the statute as to the manner in which refund of duties for loss of liquors through breakage may be obtained, and the court's construction of section 562, *supra*, the importer was not entitled to any refund of duties, either upon the losses discovered at the time of rebottling, or the losses due to breakage.

In view of the foregoing decisions of the courts, all a matter of public record long before the liquidation was made by the collector on June 12, 1947, it is apparent to the court that had the collector not demanded payment of the duties found due and payable at the time of liquidation, he would have been acting contrary to law. Such demand by the collector, based upon a prior liquidation, is clearly not a decision or exaction against which a protest may be filed under the provisions of section 514. See *United States* v. *Mexican Petroleum Corp.*, 28 C. C. P. A. (Customs) 90, C. A. D. 130.

For the reasons stated, motion of Government counsel to dismiss the protest as untimely is therefore granted.