(C. D. 1631)

SCHENLEY IMPORT CORP. *v.* UNITED STATES

## United States Customs Court, Third Division

(Decided June 30, 1954)

*John D. Rode* (*Ellsworth F. Qualey* of counsel) for the plaintiff.
*Warren E. Burger*, Assistant Attorney General (*William J. Vitale* and *Richard E. FitzGibbon*, trial attorneys), for the defendant.

Before EKWALL and JOHNSON, Judges

JOHNSON, Judge: This action is a rehearing of *Schenley Import Corp.* v. *United States*, 28 Cust. Ct. 170, C. D. 1405, holding that a protest filed against a demand of the collector for the payment of the difference between the liquidated duties and the amount paid at the time of withdrawal of goods from warehouse was untimely. It was there contended, as here, that the collector's demand for duties is illegal because such sum was not found due upon liquidation, and the demand was made more than 60 days after said liquidation.

The facts in the case were orally agreed to in court at the first trial substantially as follows:

Pursuant to the liquidation of June 12, 1947, in order to balance the amount paid by the importer in duties and internal revenue taxes, plus credits allowed by the collector, as against the amount owing, as computed in the liquidation, a demand was made against the importer on July 10, 1947, on customs Form 5107, for the payment of the sum of $92.42, representing duties, and $57.60, representing internal revenue taxes, and such sums were paid on August 14, 1947. More than 60 days after such demand of June 12, 1947, to wit, on October 31, 1947, the collector made a second demand by reason of a change in the customs regulations, effective on August 1, 1947, T. D. 51727, for the payment of the sum of $4,166.97. This amount represented the duty upon the difference between the amount of the actual entered gauge and the amount of the gauge determined prior to exportation from the United States.

In dismissing the protest as not timely, the court stated:

Although it is obvious from a reading of the oral stipulation that an attempt is made to explain the reason why the collector made the demand for payment of the duty in question, the fact remains that the amount of duty computed on liquidation was $49,518.90 and that only $45,351.93 thereof was paid. Notwithstanding the reason that motivated the collector in making his demand for the balance due, such amount was due and unpaid at the time of the demand.

Therefore, when the collector made his first demand, it must have been under regulations allowing deficiences for evaporation that he determined that the deficiency in quantity upon which no demand

was made at that time was due solely to evaporation, and that the demand so made would complete the liquidation.

However, on August 1, 1947, by T. D. 51727, that portion of the regulation relative to the deficiency by evaporation was eliminated. Notwithstanding these regulations, however, the court held under the authority of several decisions cited in its decision that the collector should have liquidated upon the basis of quantity of the entered gauge and that his demand was properly made.

Plaintiff moved for a rehearing of the cause upon the ground that it was believed when the case was submitted that the agreed facts sufficiently showed that at the time of liquidation, irrespective of the computation, only the sums of $92.42, representing duties, and $57.60, representing internal revenue tax, were due from the importer; and that the collector's demand, arising out of a change in the regulations subsequent to liquidation, was not a demand arising out of the liquidation. Upon consideration of the plaintiff's argument, the court granted the motion for rehearing.

When again called for trial, counsel for both sides agreed to the further facts that the figures listed on the entry in red ink, $49,518.90, as duty, and $160,364.70, as internal revenue tax, represent only those amounts which would have been due from the importer if the merchandise had been duty paid and withdrawn on the basis of the entered gauge; that, upon the date of liquidation, there were credits on the warehouse ledger sheet in favor of the importer for duty totaling $49,426.48, representing duty actually paid or duty allowed on transportation withdrawals, and also a duty allowance for evaporation and manipulation loss. The difference between the duty figured on the entry and the total credits on the warehouse ledger sheet was $92.42. Demand was made for that amount on July 10, 1947, and paid on August 14, 1947. This payment was entered on the ledger sheet with the notation "Bal. on Bond Duty & Tax Pd Aug. 14/47."

According to the stipulation of the parties, the collector subsequently canceled this credit because of the change in regulations, and, on October 31, 1947, more than 60 days after the balance on bond, duty, and tax had been entered as paid, made his additional demand for payment.

Counsel for the Government points out that the regulations under which credits were allowed were amended within 60 days after liquidation. Notwithstanding such amendment, the collector did not act until long after the liquidation had become final and the account closed.

In view of the fact that at the time of the original liquidation all of the merchandise had been withdrawn from warehouse, and inasmuch as it is agreed by both sides that the importer had been credited with $49,426.48 of the $49,518.90 due on liquidation and that the balance

of the amount not credited, in the sum of $92.42, was paid on demand, it would appear to the court that the liquidation had become final and conclusive upon all parties 60 days after such liquidation, and we so hold.

The demand of the collector in question was made more than 60 days after liquidation of the entry and, in fact, more than 60 days after payment had been made upon the final adjustment to balance the duties with the credits of payment. In such circumstances, a protest as to the legality of such demand is timely, when filed within 60 days thereof. Government's motion to dismiss is hereby denied.

As the demand for payment of duties, made more than 60 days after the final adjustment of such duties, under regulations valid at the time of liquidation, is clearly without authority of law, it is, therefore, held to be illegal and void. Judgment will be entered directing the collector to return all monies so demanded and collected thereunder, in accordance with law.